UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES OF AMERICA

    -v-                                                     No.  13-CR-271-LTS

MYRON WILBERLY,                                       ORDER

        Defendant.

-------------------------------------------------------x

        The Court has received Defendant Myron Wilberly's pro se motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).  As Mr. Wilberly's motion includes his full birth date, the Court will file a redacted version of the motion publicly on the docket, and file the original, unredacted motion under seal; an unredacted copy of the motion will be provided to the Government.

        Section 3582(c)(1)(A) provides, in relevant part, that:

> the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . .

18 U.S.C.A. § 3582(c)(1)(A) (Westlaw through P.L. 116-259).  Section 3582(c)(1)(A)'s exhaustion requirement reflects Congress's "unambiguous[ ] intent that the BOP have the opportunity and obligation, in the first instance, to decide whether to move for compassionate release and reduced sentences for eligible inmates," in part because "prison administrators are well-positioned to 'prioritize the most urgent claims' and 'investigate the gravity of the conditions supporting compassionate release and the likelihood that the conditions will persist.'"

United States v. Chappell, No. 16-CR-512 (LTS), 2020 WL 3415229, at *3 (S.D.N.Y. June 22, 2020) (quoting United States v. Alam, 960 F.3d 831, 835 (6th Cir. 2020)).

Mr. Wilberly has submitted no evidence of having fully exhausted his administrative rights by seeking compassionate release from the warden of his facility prior to seeking it from the Court.  Because Mr. Wilberly has not exhausted his administrative requirements as required under 18 U.S.C. section 3582(c)(1)(A), his motion seeking compassionate release pursuant to that section is denied without prejudice to renewal upon a showing of exhaustion by Mr. Wilberly.  An Order on Motion for Sentence Reduction Under 18 U.S.C. section 3582(c)(1)(A) will also be entered.  Chambers will mail copies of this Order and the Order on Motion for Sentence Reduction to Mr. Wilberly.

This Order resolves Docket Entry No. 1072.

SO ORDERED.

Dated: New York, New York
February 24, 2021

  /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

**Copy mailed to:**
Myron Wilberly
Reg. No. 69980-054
FCI McKean
Federal Correctional Institution
P.O. Box 8000
Bradford, PA 16701