```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
```

UNITED STATES OF AMERICA

   -v-                                                                  No. 13-CR-271 (LTS)

MYRON WILBERLY,

        Defendant.

```
-------------------------------------------------------x
```

<u>MEMORANDUM ORDER</u>

The Court has received Defendant Myron Wilberly's motion for a reduction in sentence pursuant to 18 U.S.C. section 3582(c)(1)(A). (Docket entry nos. 1072 & 1094, together the "Motion.") On February 24, 2016, upon pleading guilty, Mr. Wilberly was convicted of one count of participating in a conspiracy to distribute and to possess with the intent to distribute heroin and cocaine, in violation of 21 U.S.C. sections 841(b)(1)(C) and 846. (Docket entry no. 570.) On October 13, 2016, the Court sentenced him principally to a total of 120 months of imprisonment, to be followed by a seven-year supervised release term. (Docket entry no. 731.) Mr. Wilberly is currently incarcerated at the Federal Correctional Institution McKean ("FCI McKean," a medium security correctional facility in Pennsylvania) and, according to the Bureau of Prisons ("BOP") website, is currently scheduled to be released from BOP custody on May 18, 2022. BOP, <u>Find an inmate</u>, https://www.bop.gov/inmateloc/ (last visited June 21, 2021).

Mr. Wilberly seeks immediate release from custody, claiming principally that the COVID-19 pandemic constitutes an "extraordinary and compelling reason" to reduce his sentence. (<u>See</u> <u>generally</u> Motion.) On April 14, 2021, the Government filed its opposition to the Motion. (Docket entry no. 1101 ("Opp.").) On May 17 and 19, 2021, Mr. Wilberly submitted two letters in further support of his Motion. (Docket entry nos. 1129 & 1130.) The Court has

reviewed the parties' submissions carefully and, for the following reasons, Mr. Wilberly's Motion is denied.

## Discussion

Mr. Wilberly seeks an order directing his compassionate release under 18 U.S.C. section 3582(c)(1)(A), which provides, in relevant part, that:

> the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . .

18 U.S.C.A. § 3582(c)(1)(A) (Westlaw through P.L. 117-17).[1] The Court therefore considers "the factors set forth in section 3553(a) to the extent that they are applicable," and then considers, in light of those factors, whether the defendant's proffered "extraordinary and compelling reasons" for a sentence reduction warrant such a reduction. The Court may consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [it] in motions for compassionate release" in determining whether those reasons warrant a sentence reduction. United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020). "The defendant has the burden to show he is entitled to a sentence reduction" under section 3582(c)(1)(A). United States v. Ebbers, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

---

[1] The Government does not dispute that Mr. Wilberly has exhausted his administrative remedies for the purposes of section 3582(c)(1)(A). (See docket entry no. 1094 at 2.)

The Court's consideration of the section 3553(a) factors[2] at the time of Mr. Wilberly's sentencing hearing, on October 13, 2016, is reflected in the transcript of that hearing. As to the nature and circumstances of the offense, the Court noted that Mr. Wilberly was a member of a subset of the Bloods street gang in Paterson, New Jersey, who for years "was a street-level dealer of narcotics, dealing in heroin and cocaine." (Docket entry no. 746 ("Sentc. Tr.") at 36.) In connection with that narcotics conspiracy, Mr. Wilberly engaged in acts of violence, including an incident in December 2012 during which Mr. Wilberly stabbed a man who owed him proceeds for heroin sales, and another in which Mr. Wilberly "used brass knuckles to assault an individual over a drug territory dispute." (Id.) Moreover, Mr. Wilberly has an extensive criminal history (id. at 40, 42), including a dozen prior convictions, most of which involved illicit substances. (See docket entry no. 892 ¶¶ 91-102.) However, the Court also considered "the street-level and addiction-related nature of Mr. Wilberly's criminal activity, the age of his most serious violence-related conviction, his family support, his age and lack of disciplinary record at the MCC, and, most importantly, the proactive steps that he has been taking to change his life." (Id. at 42-43.) Having considered those factors, as well as others stated on the record, the Court concluded that a significant variance downward from the

---

[2] The sentencing factors set forth in 18 U.S.C. section 3553(a) are: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range . . . ; (5) any pertinent policy statement [issued by the Sentencing Commission in effect on the date the defendant is sentenced]; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense." 18 U.S.C.A. § 3553(a) (Westlaw through P.L. 117-17).

otherwise-applicable sentencing guideline range (of 151 to 188 months of imprisonment) was appropriate, and sentenced Mr. Wilberly to 120 months of imprisonment to be followed by a seven-year term of supervised release. (Id. at 43.)

In the nearly five years since Mr. Wilberly's sentencing, Mr. Wilberly has completed several education courses while in custody (see docket entry no. 1072 at 6), and has had few disciplinary incidents. (Id. at 5.) Moreover, Mr. Wilberly is now 53 years old—an age at which defendants are relatively less likely to reoffend. The Court considers each of these developments in weighing the applicable section 3553(a) factors in the context of this compassionate release application.

With these facts and the section 3553(a) factors in mind, the Court next considers whether Mr. Wilberly's proffered extraordinary and compelling reasons—principally, the threat posed to him by the COVID-19 pandemic—warrant a reduction in Mr. Wilberly's sentence. 18 U.S.C.A. § 3582(c)(1)(A).

At 53 years old, Mr. Wilberly is in an age group which faces neither the lowest risk nor the greatest risk of severe illness from COVID-19 infection. See, e.g., United States v. Pina, No. 01-CR-619 (VM), 2021 WL 364192, at *2 (S.D.N.Y. Feb. 3, 2021) ("Furthermore, at fifty-one years old, Piña is not in the 'greatest risk' age group category.") (citing CDC guidance). Furthermore, Mr. Wilberly has received the COVID-19 vaccination (see docket entry no. 1129), see United Stated v. Piparo, No. 11-CR-18 (GBD), 2021 WL 2064668, at *2 (S.D.N.Y. Apr. 29, 2021) ("Defendant's acceptance of the vaccine has empowered him to reduce" the risk of COVID-19 infection), and the BOP's vaccination efforts at FCI McKean are well underway, with 24 staff and 613 inmates at FCI McKean fully vaccinated, while only one inmate and two staff are currently reported as being positive for the virus. BOP, COVID-19 Coronavirus,

https://www.bop.gov/coronavirus/ (last visited June 21, 2021). Moreover, Mr. Wilberly does not identify any particular health conditions which place him at a comparatively higher risk of suffering severe illness if he were to contract COVID-19. See United States v. Rhodes, No. 18-CR-373 (RJS), 2021 WL 122969, at *4 (S.D.N.Y. Jan. 13, 2021) (denying motion for compassionate release where the defendant did "not claim to have any condition that might render him at increased risk for serious complications if he were to become infected with COVID-19").

Having considered the applicable section 3553(a) factors, Mr. Wilberly's health conditions, and the circumstances at FCI McKean, the Court concludes that the sentence imposed on Mr. Wilberly remains appropriate and consistent with section 3553(a), and that extraordinary and compelling reasons do not warrant a reduction in Mr. Wilberly's sentence.

CONCLUSION

For the reasons set forth above, Mr. Wilberly's motion for compassionate release pursuant to 18 U.S.C. section 3582(c)(1)(A) is denied. An Order on Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) will also be entered. Chambers will mail copies of this Memorandum Order and the Order on Motion for Sentence Reduction to Mr. Wilberly.

Docket entry no. 1094 is resolved.

SO ORDERED.

Dated: New York, New York
      June 21, 2021

                                           /s/ Laura Taylor Swain
                                           LAURA TAYLOR SWAIN
                                           Chief United States District Judge

**Copy mailed to:**

Myron Wilberly

Reg. No. 69980-054
FCI McKean
Federal Correctional Institution
P.O. Box 8000
Bradford, PA 16701